ELIZABETH ROHDEN, Plaintiff, *v.* RICHARD ROHDEN, Defendant.

Supreme Court, New York Special Term, November, 1922.

**Judgments — sister states — disobedience not punishable as a contempt.**

The judgments and orders of the courts of a sister state have no extra-territorial force as mandates.

A refusal to obey a judgment or order of the courts of a sister state, directing the payment of a sum of money, is not punishable here as a contempt of court.

MOTION to punish defendant for contempt.

*James L. Meltzer,* for petitioner.

*Abraham Greenberg,* for defendant.

McAVOY, J. Section 1172 of the Civil Practice Act does not grant power to the court to punish as a contempt the disobedience of an order for judgment of the courts of another state through default in paying a sum of money required by such judg-

ment or order. If such were its import it would be ineffectual to accomplish that result. Judgments and orders of other states have no extraterritorial force as mandates. The full faith and credit required to be given them does not impose a right to enforce them by contempt proceedings anterior to their being sued upon here and their authenticity established by a judgment or decree enrolled in our courts. When the judgment here is rendered upon the foreign judgment, then its disobedience may be punished, but not by direct application on a showing of rendition of judgment in the foreign state and refusal to obey it here. A contempt by way of refusal to obey a lawful mandate of a court is not made out unless it be shown that there is a mandate within the realm of jurisdiction. The conception of sovereignty is now wholly territorial, and personal obedience is only enforcible within the sovereignty whose dignity or that of its court has been contemned. Motion denied.

Ordered accordingly. ———————————